UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARKIA DIXSON, GENERAL GUARDIAN TO
MINOR JOHN DOE,

   Plaintiff,

v.

ANN ARBOR POLICE CHIEF,
ANN ARBOR POLICE OFFICER JOHN DOE, AND
THE CITY OF ANN ARBOR,
   Defendants.

Case No.:
Judge:

**JURY DEMAND**

_____/

| **WEBSTER LAW OFFICE, PLLC** | **SPECTRUM LEGAL SERVICES, PC** |
|---|---|
| By: Dionne E. Webster-Cox (P70422) | By: MICHAEL H. FORTNER (P46541) |
| Co- Counsel for Plaintiff | Attorney for Plaintiff |
| 24100 Southfield Rd, Ste. 203 | 24100 Southfield Rd, Ste. 203 |
| Southfield, MI 48075 | Southfield, MI 48075 |
| (734) 215-2444 / (734) 943-6069 – FAX | (248) 432-7436 / (248) 737-0958 – FAX |
| DEWC@WebsterLawOfficePLLC.com | fortner@spectrumattorneys.com |

_____/

**COMPLAINT AND JURY DEMAND**

  NOW COMES Plaintiff MARKIA DIXSON, GENERAL GUARDIAN TO MINOR JOHN DOE by their attorneys, WEBSTER LAW OFFICE, PLLC AND SPECTRUM LEGAL SERVICES, PC, complaint against the above-named Defendants, and in support state as follows:

**INTRODUCTION**

1. This is an action brought by Plaintiff Markia Dixson, General Guardian to Minor John Doe, a citizen and resident of Ann Arbor, Michigan, against the Ann

Arbor Police Chief, Ann Arbor Police Officer John Doe, and the City of Ann Arbor for damages arising out of conduct on Monday, April 19, 2021 when Defendant Officers illegally arrested the 11-year-old boy by pointing loaded firearms at him and placing him in handcuffs without probable cause or reasonable suspicion. An 11- year-old boy who was subdued and nonresistant. An 11-year-old boy who was less than 4' tall and weighed no more than 50 pounds.

2. Plaintiff also brings this action for money damages against Defendant City of Ann Arbor itself. Plaintiff contends that the City of Ann Arbor, through its police department, has established a practice, policy, or custom of inadequately supervising or training its officers in general, and these officers in particular, in the limits that the Constitution requires in protecting each citizen's right to be free from unwarranted seizures when the officer's safety is not at risk, when there is no arrest warrant, consent, or other legal justification.

3. Plaintiff submits that the City of Ann Arbor's failure to train its officers to not place subdued children in handcuffs without probable cause or reasonable suspicion, caused Plaintiff's minor child injuries, and the need for training was so obvious that failure to do so is properly characterized as deliberate indifference to Plaintiff's minor son's constitutional rights.

4. Plaintiff seeks a judgment against the Defendants violated her son's right to be free from an unreasonable seizure and deprive him of his right to privacy and liberty.

## JURISDICTION AND VENUE

5. This action arises under 42 U.S.C § 1983 and *Monell* v. *Department of Social Services of the City of New York*, 436 U. S. 658 (1978). This Court has jurisdiction pursuant to 28 U. S. C. §§ 1331 and 1343. The Court has supplemental jurisdiction of Plaintiff's state law claims.

6. Venue is properly laid in this Court pursuant to 28 U. S. C. § 1391(b) as all parties reside in and the claims arose in the Eastern District of Michigan.

## THE PARTIES

7. Plaintiff incorporates all previous paragraphs.

8. The Plaintiff was and is a resident of the City of Ann Arbor, Washtenaw County, Michigan.

9. The Plaintiff and minor-child are African Americans.

10. Defendants Ann Arbor Police Chief and Ann Arbor Police Officer John Doe were each acting under the color of law and within the scope of their employment.

11. Defendant officers are being sued in their individual capacities.

12. Defendant City of Ann Arbor is and was an organized municipal corporation existing under the laws of the State of Michigan.

13. The incident complained of in this lawsuit was on April 19, 2021.

## FACTS

14. Plaintiff incorporates all previous paragraphs.

15. Prior to April 19, 2021 minor-child was a good student, with no behavioral issues, never suspended from school.

16. On April 19, 2021, minor child was a backseat passenger in a vehicle being driven by his father. They were headed to Briarwood Mall in Ann Arbor to shop for items.

17. Neither father-driver or minor-child had knowledge that there had been a shooting at Briarwood Mall earlier in the day on April 19, 2021.

18. As the minor's father entered the mall parking there was a police presence.

19. A police officer approached the vehicle and informed father-driver that he could not enter the mall. Father-driver exited the parking lot and went in the wrong direction. Several police vehicles began to follow father-driver.

20. Father-driver pulled the vehicle over. Defendant Police Officer John Doe approached the vehicle and began to bang on the vehicle's window with a firearm.

21. Then Defendant Police Officer John Doe pointed gun at minor-child in the backseat.

22. The other police officers stood around the father-driver's vehicle pointing their guns at father-driver and minor-child.

23. Minor-child is dragged out of the vehicle.

24. Defendant Police Officer John Doe searched minor-child's pockets.

25. Minor-child was subdued.

26. Minor-child was nonresistant.

27. Minor-child was not screaming or crying.

28. Minor-child was no threat to Defendant Police Officer John Doe.

29. Then Defendant Police Officer John Doe placed minor-child in handcuffs.

30. Minor-child was made to lay next to his father, who also was in handcuffs on the ground.

31. Then Defendant Police Officer John Doe informed father and minor-child that there had been a shooting at the mall, and they were suspects.

32. Minor-child did not feel safe around the police officers and did not cry.

33. Plaintiff Markia Dixson, mother of minor child, was notified of the situation and arrived on the scene within the hour.

34. Once minor-child saw his mother, he began to cry; only then did he feel safe again.

35. A reasonably competent police officer would have known that pointing a gun and placing handcuffs on the very young violates a clearly established constitutional right.

36. The other police officers on the scene had both the opportunity and the means to prevent Defendant Police Officer John Doe from placing handcuffs on the minor child.

## COUNT I
## § 1983 – EXCESSIVE FORCE

37. Plaintiff incorporates all previous paragraphs.

38. As a result of their unlawful, malicious, reckless, and indifferent conduct, Defendant Police Officer John Doe acted under the color of law but contrary to the law, and did deprive Minor-Child of his rights, privileges, or immunities secured under the Constitution and laws of the United States and 42 U. S. C. § 1983 of his right to be free from an unreasonable seizure of his person, as guaranteed by Amendments IV and XIV of the United States Constitution, by subjecting him to emotional injury during the unlawful seizure of his person through the use of gratuitous, unnecessary, and excessive force.

WHEREFORE, Plaintiff demands a judgment against Defendant Police Officer for compensatory damages, in whatever amount the jury may determine, plus costs, pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 U. S. C. § 1988.

## COUNT II
## MUNICIPALITY LIABILITY

39. Plaintiff incorporates all previous paragraphs.

40. Defendant City of Ann Arbor, through its police department in general, the Ann Arbor Police Chief, and Defendant Police Officer John Doe, have established a practice, policy, or custom which directly and proximately caused the injuries and harm suffered by the minor child, as stated more fully throughout this complaint by:

    a. Training, instructing, encouraging, or expecting its officers to enforce laws in any way they may deem fit, without regard to the constitutional rights of citizens in general or this minor-child in particular to be free from illegal search and seizure, or to be free from arbitrary and discriminatory enforcement of the law; and

    b. Deliberately failing to adequately supervise, train, or discipline its officers in general or this Defendant officer in particular when it becomes known or apparent that its officers have violated the fourth amendment rights of its citizens, in the manner complained of in this lawsuit; and

    c. Failing to properly train it officers in the limitations of their conduct in making warrantless arrests without exigent circumstances, as required by the Constitution and laws of the United States.

41. As a result of the above-described practice, policy, or custom, officers of the City of Ann Arbor, Ann Arbor Police Chief, including these Defendant officer, believed that his actions would not be properly monitored by supervisors and

misconduct would not be adequately investigated or sanctioned, but would instead be tolerated.

42. The City of Ann Arbor's practice, policy, or custom, as set forth more fully above, was the moving force that did deprive minor-child of his rights, privileges, or immunities secured under the Constitution and laws of the United States, and 42 U. S. C. § 1983, including his right to be free from an unreasonable search and seizure of his person as guaranteed by Amendments IV and XIV of the United States Constitution.

WHEREFORE, Plaintiff requests declaratory relief where City of Ann Arbor and Chief of the Ann Arbor Police Department institute a policy that forbids the young from being placed in handcuffs when there is no threat to officer safety, the minor is subdued and nonresistant.

## COUNT III
## ASSAULT and BATTERY – STATE LAW

43. Plaintiff incorporates all previous paragraphs.

44. Assault is defined as any intentional, unlawful threat or offer to do bodily injury to another by force, under circumstances that create a well-founded fear of imminent peril, coupled with the apparent present ability to carry out the act if not prevented.

45. Battery is the willful or intentional touching of a person against that person's will by another person or by an object or substance put in motion by another person.

46. Defendant Police Officer John Doe pointed a loaded firearm at minor-child, then placed him in handcuffs.

    WHEREFORE, the Plaintiff, seeks judgment against the Defendant Police Officer John Doe in the amount of $100,000.00, plus costs, pre-judgment and post-judgment interest, and actual attorney fees.

## COUNT IV
## INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

47. Plaintiff incorporates all previous paragraphs.

48. Plaintiff asserts this claim against Defendant Police Officer John Doe and unknown police officers who pointed their guns at the minor-child.

49. The actions, omissions and conduct of Defendant Police Officer John Doe set forth above including but not limited to pointing guns and handcuffing the minor-child was extreme and outrageous and exceeded all bounds of human decency.

50. Defendant Police Officer John Doe's actions, omissions and conduct above was undertaken with the intent to inflict and cause severe emotional distress to minor child, with the knowledge of the high probability that his conduct would

cause such distress or in reckless disregard of the probability that their actions would cause such distress.

51. Officers, who occupy positions of special trust and authority, knew, had reason to know or believed that the minor-child was just that **a minor-child** and especially vulnerable and fragile.

52. As a direct and proximate result of the officer's extreme and outrageous conduct, minor-child suffered and will continue to suffer long-term, severe emotional distress and trauma.

53. In the alternative, the conduct of Defendant Police Officer John Doe was willful and wanton and constituted a course of action which shows an actual or deliberate intention to cause harm of which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others.

54. Defendant Police Officer John Doe's conduct was the proximate cause of minor-child's injuries and his extreme, severe, long-term emotional distress and trauma.

WHEREFORE, the Plaintiff, seeks judgment against the Defendant Police Officer John Doe in the amount of $150,000.00, plus costs, pre-judgment and post-judgment interest, and actual attorney fees.

## COUNT V
## RESPONDEAT SUPERIOR – STATE LAW AGAINST CITY OF ANN ARBOR

55. Plaintiff incorporates all previous paragraphs.

56. In committing the acts and omissions alleged above, Defendant Police Officer John Doe was at all time a member and agent of the Ann Arbor Police Department and the City of Ann Arbor and was acting within the scope of his employment.

57. Defendant City of Ann Arbor is, therefore, liable as principal for all common law torts committed by its agents within the scope of their employment.

WHEREFORE, the Plaintiff, seeks judgment against the Defendant City of Ann Arbor in the amount of $150,000.00, plus costs, pre-judgment and post-judgment interest, and actual attorney fees.

Respectfully submitted,

Dated: May 19, 2021

/s/Dionne E. Webster-Cox_____
Dionne E. Webster-Cox (P70422)
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARKIA DIXSON, GENERAL
GUARDIAN TO MINOR JOHN DOE,
    Plaintiff,

Case No.:
Judge:

v.

ANN ARBOR POLICE CHIEF,
ANN ARBOR POLICE OFFICER JOHN DOE, AND
THE CITY OF ANN ARBOR,
    Defendants.
_____/

| **WEBSTER LAW OFFICE, PLLC** | **SPECTRUM LEGAL SERVICES, PC** |
|---|---|
| By: Dionne E. Webster-Cox (P70422) | By: MICHAEL H. FORTNER (P46541) |
| Co- Counsel for Plaintiff | Attorney for Plaintiff |
| 24100 Southfield Rd, Ste. 203 | 24100 Southfield Rd, Ste. 203 |
| Southfield, MI 48075 | Southfield, MI 48075 |
| (734) 215-2444 / (734) 943-6069 – FAX | (248) 432-7436 / (248) 737-0958 – FAX |
| DEWC@WebsterLawOfficePLLC.com | fortner@spectrumattorneys.com |

_____/

## JURY DEMAND

Plaintiff demands a jury trial.

                                          Respectfully submitted,

Dated: <u>May 19, 2021</u>                    /s/<u>Dionne E. Webster-Cox</u>
                                          Dionne E. Webster-Cox (P70422)
                                          Attorney for Plaintiff